JOHN F. BRODERICK *vs.* BRUNO BEAUPRE and another.

April 23, 1889.

**Partnership—Annual Accountings.**— Certain unimportant questions determined, and the order appealed from affirmed.

Appeal by defendants from an order of the district court for Ramsey county, *Kelly*, J., presiding, refusing a new trial after trial by the court and judgment for $8,321.50 ordered for plaintiff.

*Warner & Lawrence*, for appellants.

*John B. & W. H. Sanborn*, for respondent.

MITCHELL, J. All the questions involved in this appeal arise under the fourth of the articles of copartnership between the parties, and particularly under the provision by which the defendants guarantied that plaintiff's share of the profits would amount to at least $5,000 a year. Really, the only issue of fact was whether these articles had been subsequently altered by parol by substituting for this guaranty another,—that plaintiff's capital should stand at and not

be reduced below $5,000.  On this issue the trial court found adversely to the defendants, and the finding was amply justified by the evidence.  At the close of each year during the partnership (which continued from January, 1881, to November, 1887) the parties had an accounting of the business, from which they ascertained the amount of profits for the year.  The plaintiff's share (one-eighth) of the profits, as thus ascertained, for the years 1881, 1883, and 1884, was less than $5,000,—the amount guarantied by the articles of partnership.  Each year plaintiff's share of the profits was credited to him on the books of the firm, but he was not credited with the amounts necessary to make it up to $5,000 for the three years referred to, when his one-eighth fell below that sum.  Defendants claim that these yearly accountings and entries on the firm books amounted to full and final settlements, by which the plaintiff accepted, in full of all claims, the amounts placed to his credit, to wit, one-eighth of the actual yearly profits of the business.  But, as well remarked by the trial judge, these annual accountings were evidently had merely for the purpose of ascertaining the net profits of the business, and settled nothing but that.  The apportionment of these profits, when thus ascertained, and the amount for which each partner was entitled to credit, was fixed by the terms of the articles themselves, and the entry of these credits was a mere matter of book-keeping.  There is not a particle of evidence that plaintiff ever agreed to accept one-eighth of the actual profits (to which he was entitled in any event) in lieu of the amount due him under the guaranty; and it would be unreasonable to suppose that, without any apparent consideration, he would accept a part in place of the whole that was due him.  Moreover, it appears that he had nothing to do with keeping the firm books, and was not at all responsible for the entries made therein.

The further claim is made that the amount due him for deficiency in the profits of 1881 was barred by the statute of limitations, on the theory that the right of action for it accrued January 1, 1882, while this action was not commenced until January 7, 1888.  This position is utterly untenable.  Whatever plaintiff had invested in the business, whether original capital or accrued profits, was in as capital in the partnership, and the statute of limitations against his right to re-

cover this interest did not begin to run, in any event, before the dissolution of the firm by his retirement in November, 1887.

There was no error in the court's allowing interest on these yearly balances, as this was expressly provided for in the articles themselves. The first and second assignments of error are so clearly without merit as not to require discussion.

Order affirmed.