PETER THOMPSON v. A. M. CROSBY.[1]

Nov. 4, 1895.

Nos. 8529—(10).

Statute of Limitations—Accounting.

> Evidence considered, and *held* that it sustains the findings of fact and conclusions of law of the trial court, to the effect that this action, which was brought to secure an accounting from the defendant, is barred by the statute of limitations.

Appeal by plaintiff from a judgment of the district court for Rock county in favor of defendant, entered in pursuance of the findings and order of Cadwell, J. Affirmed.

*Geo. W. Wilson*, for appellant.

*L. S. Nelson*, for respondent.

START, C. J. The complaint alleges that on March 1, 1878, the parties hereto entered into an agreement to engage, for an indefinite period, in the business of buying and selling farm machinery, wood, coal, grain, and live stock, at Adrian, Minnesota, under the firm name of Peter Thompson, whereby the plaintiff was to furnish the capital, and the defendant to conduct the business, and after paying all expenses and losses, and repaying the capital, the net profits were to be divided between them; that, after the close of the business for the year 1880, it was agreed that the business should be thereafter conducted under the name of Peter Thompson & Co.; that since the commencement of such business, about March 1, 1878, the defendant has taken from the capital and profits thereof, for his own use, the sum of at least $15,000 in excess of the amount he was entitled to receive, and has refused longer to conduct the business, or to account with the plaintiff for the capital and profits thereof,—and prays that the contract may be dissolved, and an account may be taken. The defendant, by his answer, alleges that he was employed by the plaintiff to conduct such business, and was to receive one-half of the net profits thereof for his services, and that it was never agreed between

[1] Reported in 64 N. W. 823.

them that they should be, and they never were, partners; that the defendant so continued in such employment until January 3, 1883, when the parties had a settlement, and he turned over to the plaintiff all property, of every kind, which had come into his hands, or under his control, by virtue of his employment. The answer sets up a former judgment between the same parties, recovered in an action in the district court of the county of Hennepin, in which the issues were claimed to be substantially the same as in this action; also, the statute of limitations.

The trial court found: (1) That some of the issues of fact in this action were involved and determined in the former action. (2) That the question whether the parties were partners during the time covered by this action was directly involved in the former one, and it was found by the court in that action that the parties were not partners. (3) That, by the contract entered into by the parties, the defendant was to and did enter into the employment of the plaintiff, and was to receive one-half of the net profits for his services; that he continued therein until January 1, 1883, when the contract was abandoned by the mutual consent of the parties, and the defendant retired from such employment; that the defendant, during his employment, received a large amount of property, notes, and accounts, and no full accounting of such business has ever been had, but that, at the time the defendant so retired from such employment, he turned over to the plaintiff a large amount of property, notes, and accounts pertaining to the business, and has had no connection with it since, nor the control or custody of any property, books, notes, or accounts pertaining to the business. (4) That the plaintiff's alleged cause of action accrued more than six years prior to the commencement of this action. And as conclusions of law: (1) That this action is barred, and plaintiff is not entitled to an accounting. (2) That the defendant was entitled to judgment dismissing the action. It was so entered, and from the judgment plaintiff appeals.

1. There are 18 assignments of error. Nos. 1, 2, 3, 4, 13, 14, 15, 16, and 17 relate to the first and second findings of fact of the trial court and its rulings upon the admission of evidence to support them. The first finding is immaterial; the second relates to the question of whether the parties were partners or not. An examination of the judgment roll in the former action between the parties shows that

the question of the alleged partnership was one of the issues involved in that action, and that the court expressly found that they were not partners, and judgment was entered on the findings for the defendant. The finding in the former action then operates as an estoppel by verdict against the plaintiff, and is conclusive of the question of partnership in this action; hence, we need not inquire whether all of the court's rulings as to the admission of the evidence on this question were correct or not, for, if error was committed in this respect, it was harmless. Why we were asked to consider these assignments of error is not apparent, for the plaintiff's counsel claims that the question as to a partnership between the parties is not involved in this case. He says and claims in his brief as follows: "The complaint in this action does not allege that plaintiff and defendant were partners, therefore that is not a matter in issue in this case. The complaint simply states the facts, and the agreement under which the parties engaged in, and carried on the business." Concede this claim; then the finding as to the partnership, and the evidence in support of it, are wholly immaterial; and, if there was any error in reference to this matter (and we are not to be understood as suggesting that there was), it was with reference to a matter wholly outside this case, and could not prejudice the plaintiff.

2. Alleged errors Nos. 5, 6, 7, and 12 refer to finding No. 3, and are to the effect that this finding is not supported by the evidence. If the plaintiff's evidence is to be accepted as correct in all particulars, then the finding is not supported by the evidence; but there is a conflict in the evidence, and we are of the opinion that the finding is fairly sustained by the evidence in all material particulars.

3. Assignments of error Nos. 8, 9, and 10 relate to finding No. 4, as to the statute of limitations, and the conclusion that the action was barred. If the parties were partners, and there never had been any dissolution of the partnership, the action would not be barred, for the statute would not begin to run against an action for an accounting until a dissolution. Broderick v. Beaupre, 40 Minn. 379, 42 N. W. 83. But such is not this case, for they were not partners, as between themselves. If, however, the defendant was, as claimed by the plaintiff, a trustee as to the property in his hands and under his control, pertaining to the business, which he was employed to manage, the statute would not commence to run against an action to secure from him

an accounting as such trustee until he completed, surrendered, or re-' pudiated the trust.    G. S. 1894, § 5136, subsec. 7.    But the trial court found that the defendant surrendered the trust, abandoned the employment, and turned over all the trust property to the plaintiff, in January, 1883.    It was then that this action accrued, if ever, and the court's conclusion that the action is barred necessarily follows from such finding.    The only real question in this case is whether the finding of the trial court No. 3 is sustained by the evidence.    We have already disposed of that question.

4. Assignments of error Nos. 11 and 18 are to the effect that the court erred in ordering judgment for the defendant, and that the judgment is erroneous.    They are necessarily disposed of by what has already been said with reference to the other assignments of error.

Judgment affirmed.